**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 11 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RAISCALLE YOUNG,

        Petitioner-Appellant,

v.

JAMES SAFFLE; OKLAHOMA
DEPARTMENT OF CORRECTIONS;
STATE OF OKLAHOMA,

        Respondents-Appellees.

No. 01-7050

(E.D. Oklahoma)

(D.C. No. 00-CV-261-S)

**ORDER AND JUDGMENT** *

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

    After examining the briefs and appellate record, this panel has determined unanimously to honor the appellant's request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f). The case is therefore submitted without oral argument.

    Raiscalle Young, a state prisoner proceeding pro se, seeks to appeal from the district court's order denying his petition for a writ of habeas corpus; the

---

* This order and judgment is not binding precedent, except under the doctrines of res judicata, collateral estoppel, and law of the case. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

district court denied that writ upon finding that the writ was barred by the statute of limitations. The matter is before us on Mr. Young's application for a certificate of appealability (COA) pursuant to 28 U.S.C. § 2253(c). To be entitled to a COA on the issue of whether his petition was timely, Mr. Young must show both that it is debatable whether the district court was correct in this procedural ruling and that it is debatable whether the petition states a valid claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Mr. Young entered a plea of guilty in Oklahoma state court on October 1, 1995. Mr. Young did not appeal or withdraw his plea, and therefore his conviction became final ten days after entry of Judgment and Sentence. See Okla. Stat. tit. 22, § 1051; Rule 4.2, Rules of the Court of Criminal Appeals, Okla. Stat. tit. 22, Ch. 18, App. Mr. Young's conviction thus became final on October 11, 1995, several months before the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA").

Because Mr. Young's conviction became final before the effective date of AEDPA, the limitations period did not begin to run until April 24, 1996. See Hoggro v. Boone, 150 F.3d 1223, 1225-26 (10th Cir. 1998). Thus, Mr. Young had until April 23, 1997 to file his federal habeas petition, unless the limitations period was tolled. Section 2244(d)(2) tolls the statute of limitations during the

time "a properly filed application for State post-conviction or other collateral review" is pending.

Mr. Young filed his petition pursuant to § 2254 on May 17, 2000. The district court concluded that the limitations period was not tolled in Mr. Young's case because he did not file his motions for state-post conviction relief until July 15, 1997 and October 29, 1999, long after his conviction became final.

"Given the foregoing, Mr. [Young's] petitions can only be deemed timely if equitable tolling were, for some reason, to be applied, that is, a judicially-crafted stopping of the clock." Fisher v. Gibson , Nos. 99-6457, 99-7107, 00-7114, 2001 WL 958747, at *6 (10th Cir. Aug. 22, 2001). The district court did not address whether equitable tolling, which may be applied only in "rare and exceptional circumstances" was relevant. Gibson v. Klinger , 232 F.3d 799, 808 (10th Cir. 2000) (internal quotation marks omitted)). To justify equitable tolling, an inmate must make a specific showing of: (1) lack of access to relevant materials and (2) the steps taken to "diligently pursue his federal claims." Miller v. Marr , 141 F.3d 976, 978 (10th Cir. 1998).

In his petitions for post-conviction relief, and in his habeas petition, Mr. Young emphasizes that extraordinary circumstances are present here because he was unaware he could have appealed his conviction and because he involuntarily entered into the plea bargain. Mr. Young did not bring a direct appeal of this

claim and is therefore barred from raising it in federal court unless he can show either (1) cause for the failure to appeal and prejudice resulting therefrom, or (2) that the denial of habeas would result in a fundamental miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722, 750 (1991).

The lengthy gap between Mr. Young's conviction and his pursual of post-conviction relief precludes any claim that he diligently pursued his federal claims. Accordingly, equitable tolling is not available to Mr. Young, and his petition was properly dismissed as untimely. Mr. Young's petition for a COA is DENIED and the appeal is DISMISSED. His application to proceed in forma pauperis is GRANTED.

Entered for the Court,


Robert H. Henry
Circuit Judge