**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 30, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

NICHOLAS D. GOOSBY,

    Petitioner - Appellant,

v.

ANITA TRAMMELL, Warden,

    Respondent - Appellee.

No. 13-6074
(D.C. No. 5:12-CV-01202-M)
(W.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **HARTZ, O'BRIEN,** and **GORSUCH**, Circuit Judges.

---

In 1995, Nicholas Goosby pleaded guilty to murder and robbery in state court. He didn't pursue an appeal or seek post-conviction relief under state law. But then, in 2012, Mr. Goosby filed a federal habeas petition under 28 U.S.C. § 2254. The district court, adopting the magistrate judge's report and recommendation, dismissed the petition as untimely, coming as it did many years after the one-year statute of limitations had run. *See* 28 U.S.C. § 2244(d)(1).

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

We discern no ground on which we might grant a certificate of appealability (COA).  Because Mr. Goosby didn't seek state post-conviction relief, we may not statutorily toll the limitations period.  *See* 28 U.S.C. § 2244(d)(2).  Neither can we equitably toll Mr. Goosby's limitations period:  that sort of tolling requires that Mr. Goosby show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008).  Mr. Goosby doesn't even try to show he has been pursuing his rights diligently, and given that sixteen years have passed since he could have filed his petition such a showing would be exceedingly difficult.  *See Young v. Saffle*, 24 F. App'x 843, 844 (10th Cir. 2001) (unpublished).  Nor has Mr. Goosby established that some extraordinary circumstance stood in his way.

Mr. Goosby maintains he's actually innocent, contending that, as of 2012, the state court did not have the victim's autopsy report on file.  This, according to Mr. Goosby, casts doubt on the medical examiner's testimony about his autopsy findings at Mr. Goosby's certification hearing.  Given Mr. Goosby's guilty plea and his failure to address other evidence that contributed to his plea, he fails to carry the heavy burden of "show[ing] it is more likely than not that no reasonable juror would have convicted" him, *McQuiggin v. Perkins*, No. 12-126, ___ S. Ct. ___, 2013 WL 2300806, at *9 (May 28, 2013) (quotations mark omitted), a showing that is necessary to invoke the miscarriage of justice exception to

AEDPA's statute of limitations. *Id.* Given all this, we cannot say that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Mr. Goosby separately contends that the district court abused its discretion by failing to rule on his motion to appoint counsel. *See* 18 U.S.C. § 3006A(a)(2). "An order . . . that denies a motion for appointment of counsel . . . is . . . not subject to the COA requirement." *Harbison v. Bell*, 556 U.S. 180, 183 (2009). Even so, Mr. Goosby seeks counsel only to establish the second element of the equitable tolling test. He does not seek counsel to show he has been pursuing his rights diligently and so he can't take advantage of equitable tolling regardless. And Mr. Goosby doesn't come close to satisfying the miscarriage of justice standard, and so certainly doesn't show that an evidentiary hearing was required or that "the interests of justice so require" the appointment of counsel. 18 U.S.C. § 3006A(a)(2). The district court, therefore, did not commit reversible error.

Mr. Goosby's application for a COA is denied and this appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge

- 3 -